## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                                          Chapter 7

Joseph Thomas,                                           Case No. 09-76649

     Debtor.                                         Hon. Phillip J. Shefferly
_____/

Daniel M. McDermott,                                 Adversary Proceeding
United States Trustee,[1]                               No. 10-05347-PJS
                                                                    (Jointly Administered)
     Plaintiff,

v.

Roscoe Copeland,

     Defendant.
_____/


**BANKRUPTCY COURT'S RECOMMENDATION TO THE
UNITED STATES DISTRICT COURT TO WITHDRAW THE
REFERENCE OF THIS ADVERSARY PROCEEDING FOR THE
PURPOSE OF ENTERING PROPOSED CONSENT ORDER AGREED
TO BY THE UNITED STATES TRUSTEE AND ROSCOE COPELAND**


### Recommendation

     Chief Bankruptcy Judge Phillip J. Shefferly hereby recommends that the United States

District Court exercise its discretion under 28 U.S.C. § 157(d), and withdraw the reference of this

adversary proceeding to the Bankruptcy Court that was made by Local District Court

---

[1] Adversary proceeding nos. 10-5347, 10-5348, and 12-4522 are jointly administered under adversary proceeding no. 10-5347, per Order Consolidating Proceedings entered by the Bankruptcy Court on October 21, 2013. In addition, *In re Brian Armstrong,* case no. 13-46865; *In re Treasure Smith,* case no. 13-46876; *In re Rajah D. Smith-Jackson;* case no. 13-49069; and *In re Tywanna L. Hughes,* case no. 13-51229, are consolidated under adversary proceeding no. 10-5347 for any matters involving Roscoe Copeland, Alexis Realty Solutions, LLC, and Georjena Pace.

Rule 83.50(a)(1) and 28 U.S.C. § 157(a). The Bankruptcy Court makes this recommendation for the purpose of having the District Court enter a proposed consent order agreed to by the United States Trustee ("UST") and Roscoe Copeland ("Copeland"), the parties to this adversary proceeding.

## Background

On April 28, 2010, the UST filed this adversary proceeding against Copeland seeking various forms of relief under 11 U.S.C. § 110 of the Bankruptcy Code. Specifically, the UST alleged that Copeland is a "bankruptcy petition preparer," as that term is defined in 11 U.S.C. § 110(a)(1). Further, the UST alleged that Copeland violated numerous provisions of § 110 as well as other provisions of the Bankruptcy Code. The UST requested that the Bankruptcy Court award actual damages, impose statutory fines, and permanently enjoin Copeland from further activities as a bankruptcy petition preparer. On July 13, 2010, the Bankruptcy Court entered a default judgment ("Judgment") against Copeland, granting the UST the relief requested in its complaint.

On August 13, 2013, the UST filed a motion requesting the Bankruptcy Court to reopen the adversary proceeding because Copeland had failed to comply with the Judgment. On August 15, 2013, the Bankruptcy Court entered an order granting the UST's motion. After the adversary proceeding was reopened, the Bankruptcy Court entered an order consolidating multiple other adversary proceedings into this adversary proceeding. The reason for the consolidation was because the UST had also filed adversary proceedings in other bankruptcy cases in this district alleging that Copeland had violated § 110 and other provisions of the Bankruptcy Code in those cases too.

On December 24, 2013, after the consolidation, the UST filed a motion seeking a finding of contempt and other relief against Copeland because of his multiple violations of the Judgment, as well as his multiple violations of orders entered against him in the other adversary proceedings that were consolidated with this adversary proceeding. On January 22, 2014, Copeland filed a response

to the motion. On February 11, 2014, the Court entered an order scheduling an evidentiary hearing on the motion.

Prior to the evidentiary hearing taking place, the UST and Copeland entered into a Settlement Agreement of all of their disputes. On May 1, 2014, the UST and Copeland filed a stipulation (ECF No. 40) providing for the entry of a proposed order to resolve all of their disputes. A copy of the Settlement Agreement is attached to the stipulation. The Settlement Agreement provides for the Bankruptcy Court to make certain proposed findings of fact and conclusions of law, and to enter an order approving the Settlement Agreement. The Settlement Agreement further provides for Copeland to pay damages to each of ten separate individual debtors for whom Copeland had provided bankruptcy petition preparer services in violation of § 110. The Settlement Agreement provides for other relief as well, including continued monitoring of Copeland by the UST. Finally, the Settlement Agreement provides for the Bankruptcy Court to recommend that the District Court withdraw the reference of this adversary proceeding for the purpose of having the District Court enter its own order regarding the Settlement Agreement between the UST and Copeland.

On May 12, 2014, as requested by the UST and Copeland, the Bankruptcy Court entered an order (ECF No. 41) resolving the UST's motion for contempt, approving the Settlement Agreement, and providing for other relief. In that order, the Bankruptcy Court agreed to recommend that the District Court withdraw the reference of this adversary proceeding for the purpose of entering a proposed order in the form agreed to by the UST and Copeland. The Bankruptcy Court now makes this recommendation.

## Attachments to Recommendation

To assist the District Court in determining whether to approve this recommendation, the following exhibits from the adversary proceeding file in the Bankruptcy Court are attached:

-3-

| Exhibit 1 | The Judgment entered by the Bankruptcy Court against Copeland on July 13, 2010 (ECF No. 7). |
| Exhibit 2 | The motion for contempt and other relief filed by the UST on December 24, 2013 (ECF No. 19). |
| Exhibit 3 | The stipulation filed by the UST and Copeland on May 1, 2014 (ECF No. 40). (Attached to this stipulation is a copy of the Settlement Agreement, together with the proposed findings of fact and conclusions of law agreed to by the UST and Copeland for entry by the Bankruptcy Court.) |
| Exhibit 4 | The order entered by the Bankruptcy Court on May 12, 2014 on the stipulation of the UST and Copeland resolving the UST's motion for contempt and for other relief (ECF No. 41). |
| Exhibit 5 | The proposed order that the UST and Copeland intend to request the District Court to enter if the Bankruptcy Court's recommendation for withdrawal of the reference is approved by the District Court. |

## Reasons for this Recommendation

Recently, the District Court for the Eastern District of Michigan explained the purpose of § 110 of the Bankruptcy Code as follows:

> In enacting § 110, Congress sought to put an end to the increasing number of bankruptcy petition preparers giving legal advice and preying on unsophisticated debtors unfamiliar with the bankruptcy process. *In re Briones-Coroy,* 481 B.R. 685, 692-93 (D. Col. 2012) (citing H.R. Rep. 103-834, 103rd Cong., 2d Sess 40-41 (October 4, 1994), 1994 U.S.C.C.A.N. 3336; 140 Cong. Rec. H10770 (Oct. 4, 1994)). Indeed, "Congress intended to regulate the conduct of bankruptcy petition preparers, and penalize the misconduct of petition preparers who prey on others in financial distress and in need of bankruptcy protection, but do not understand the bankruptcy system. . . ." *Id.* at 693 (citation omitted).

In re Hutchinson, case no. 13-cv-11585, slip op. at 8 (E.D. Mich. July 10, 2014).

Since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the number of pro se individuals filing bankruptcy in the Eastern District of Michigan has skyrocketed. Because many of these individuals are unable to afford a lawyer, they frequently seek assistance from individuals to help them prepare their bankruptcy papers. Unfortunately, there are

many unscrupulous individuals who offer services as bankruptcy petition preparers, yet do not comply with the requirements of § 110 of the Bankruptcy Code. The proliferation of bankruptcy petition preparers who do not comply with § 110 has resulted in numerous individual debtors in this district having their bankruptcy cases dismissed, having their discharges denied, and having sanctions imposed against them.

The UST has brought extensive litigation in the Eastern District of Michigan in the last several years to enjoin individuals from acting as bankruptcy petition preparers where they do not comply with the requirements of § 110. Several recent decisions issued by the Bankruptcy Court have cataloged the violations undertaken by these bankruptcy petition preparers and have documented the damage they have caused to individuals filing bankruptcy cases. See In re Hutchinson, 494 B.R. 236 (Bankr. E.D. Mich. 2013); In re Wicker, no. 10-49759, Order Granting UST's Motion, ECF no. 43 (Bankr. E.D. Mich. May 11, 2011), aff'd, case no. 11-cv-12373 (E.D. Mich. Feb. 22, 2012); and In re Terrell, case no. 09-63848, opinion regarding Derrick Hills, ECF no. 59 (Bankr. E.D. Mich. Oct. 13,2010). In a number of instances involving serial violators of § 110, the UST has also sought and obtained not only monetary relief authorized by § 110, but also permanent injunctive relief authorized by § 110 to prohibit certain individuals from continuing to serve as bankruptcy petition preparers.

In many cases, orders from the Bankruptcy Court permanently enjoining bankruptcy petition preparers who have violated § 110 have been sufficient. However, there are some cases where even permanent injunctions entered by the Bankruptcy Court have proven to be ineffective. To put more teeth in the injunctive remedies authorized under § 110, and to ensure future compliance with § 110, the UST has, in exceptional cases, requested the Bankruptcy Court to recommend that the District Court withdraw the reference of the UST's action against the bankruptcy petition preparer. The

UST explains that it has made such requests because the Bankruptcy Court does not have criminal contempt powers, but only civil contempt powers and, as a result, is limited in the enforcement actions it can take with respect to the order that it enters. Therefore, in certain egregious situations, the UST has requested that an order be entered by the District Court, which can be enforced not only by civil contempt powers, but also by criminal contempt powers.

Based upon Copeland's numerous violations of § 110 and other provisions of the Bankruptcy Code, both in this case and in other bankruptcy cases filed in this district, coupled with Copeland's non-compliance with the Judgment entered by the Bankruptcy Court on July 13, 2010, the UST bargained for and obtained in the Settlement Agreement, Copeland's consent to certain enforcement mechanisms. In the Settlement Agreement, the UST and Copeland agreed to ask the Bankruptcy Court to request the District Court to withdraw the reference of this adversary proceeding for the specific purpose of entering a consent order to be submitted by the UST and Copeland to the District Court. If such order is entered, the UST will have a stronger, more effective remedy than the Bankruptcy Court can provide in the event of any further violations by Copeland. Further, the entry of such order by the District Court will serve as a strong deterrent to Copeland from committing any further violations.

In at least one other instance, the District Court has approved a similar recommendation by the Bankruptcy Court. On May 2, 2013, in Daniell Guthrie, case no. 07-58703, Judge Thomas J. Tucker recommended that the District Court withdraw the reference of that case based upon a settlement reached in that case between the UST and an individual who violated § 110 of the Bankruptcy Code in that case. Judge Tucker's recommendation to the District Court to withdraw the reference was approved by order of the District Court entered on June 5, 2013 in District Court case no. 13-cv-11964.

In the Bankruptcy Court's view, it is extraordinary for parties to request the Bankruptcy Court to recommend to the District Court to withdraw the reference of a matter that has been referred to the Bankruptcy Court, where the sole purpose of such request is to permit such parties to obtain from the District Court an order approving a settlement between them that has already been approved by the Bankruptcy Court. Ordinarily, the Bankruptcy Court would not make such recommendation to the District Court based solely upon the consent of the parties. However, the pervasive problems caused by serial violators of § 110 in this district, together with the particular facts and circumstances in this adversary proceeding, warrant extraordinary action.

Based upon the Bankruptcy Court's review of this entire adversary proceeding, and the numerous cases in which Copeland has been found to have violated § 110, the Bankruptcy Court finds that it is appropriate for the UST and Copeland to agree to ask the Bankruptcy Court to recommend that the District Court withdraw the reference. Further, the Bankruptcy Court finds that the facts of this case support the Bankruptcy Court making such recommendation.

## Conclusion

For the reasons stated above, the Bankruptcy Court hereby recommends that the United States District Court for the Eastern District of Michigan withdraw the reference of this adversary proceeding to the Bankruptcy Court and enter the proposed consent order in the form attached to this recommendation, which is the form of the order agreed upon by the UST and Copeland in the Settlement Agreement.

Signed on July 24, 2014

/s/ Phillip J. Shefferly  
Phillip J. Shefferly  
United States Bankruptcy Judge

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 09-76649-SWR

**JOSEPH THOMAS,**                                  Chapter 7

      Debtor.                                      HON. STEVEN W. RHODES

_____/

**DANIEL M. MCDERMOTT,**
**United States Trustee,**

      Plaintiff,                                   Adversary Case No. 10-5347

vs.

**ROSCOE COPELAND,**

      Defendant.

_____/


### <u>DEFAULT JUDGMENT AGAINST DEFENDANT</u>

    **THIS MATTER** came before the Court upon the Motion of the Plaintiff, Daniel M. McDermott, United States Trustee, for entry of Default Judgment against Defendant, Roscoe Copeland, in accordance with L.B.R. 7055-1 and following Default Entry by Clerk. The Court finds that the Defendant is in default by virtue of his failure to answer the Complaint seeking a permanent injunction and monetary damages for violations of 11 U.S.C. § 110.

    **NOW, THEREFORE,**

    **IT IS ORDERED** that Roscoe Copeland is hereby permanently enjoined from acting as Bankruptcy Petition Preparer; and from providing Bankruptcy Assistance to Assisted Persons, whether under his name individually, or any other name or through any other corporate form.

    **IT IS FURTHER ORDERED** Roscoe Copeland shall pay $2,000.00 to the Debtor in the above-referenced case, within 30 days of entry of this Order.

**IT IS FURTHER ORDERED** that Roscoe Copeland shall certify payment in satisfaction of this Order, to the Court with a copy to the United States Trustee, within 30 days of entry of this Order.

**IT IS FURTHER ORDERED** that dismissal or closure of this adversary proceeding or the underlying bankruptcy case will not excuse compliance with the terms of this Order and it can be enforced by the Debtor or the United States Trustee in any court of competent jurisdiction.

**Signed on July 13, 2010**

**/s/ Steven Rhodes**
**Steven Rhodes**
**United States Bankruptcy Judge**

2

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 09-76649-PJS

**JOSEPH THOMAS,**                                          Chapter 7

     Debtor.                                              HON. PHILLIP J. SHEFFERLY

_____/

**DANIEL M. McDERMOTT,** [1]
**United States Trustee,**

     Plaintiff,

                                  Adversary Case No. 10-5347

vs.                                                         (Jointly Administered)

**ROSCOE COPELAND,**

     Defendant.

_____/

## MOTION FOR CONTEMPT AND FOR OTHER RELIEF

     Daniel M. McDermott, United States Trustee, for his Motion, states as follows:

     1.     This is the Motion of the United States Trustee for a finding of contempt against
Roscoe Copeland and Alexis Realty Solutions, LLC for violations of Default Judgments
permanently enjoining them from serving as Bankruptcy Petition Preparers and failing to make
required payments: A proposed Order is attached.

**Violations of the Default Judgments Against Defendant Roscoe Copeland**

     2.     Roscoe Copeland has three Default Judgments against him.  *Default Judgment*
*Against Defendant* in Case No. 10-5347, Docket #7, entered on July 13, 2010; *Default Judgment*

---

[1]   Adversary Case Nos. 10-5347, 10-5348 and 12-4522 are jointly administered under Case No. 10-5347, per Order
Consolidating Proceedings entered by the Court on October 21, 2013. In addition, *In re Brian Armstrong*, Case No.
13-46865; *In re Treasure Smith*, Case No. 13-46876; *In re Rajah D. Smith-Jackson*, Case No. 13-49069; and *In re
Tywanna L. Hughes,* Case No. 13-51229 are consolidated under Case No. 10-5347 for any matters involving Roscoe
Copeland, Alexis Realty Solutions, LLC and Georjena Pace.

*Against Defendant* in Case No. 10-5348, Docket #7, entered on July 13, 2010 and *Default Judgment Against Roscoe Copeland and Alexis Realty Solutions, LLC*, Docket # 13, entered on May 10, 2012.

**Copeland Has Continued to Provide Bankruptcy Assistance.**

3.      All of the Judgments permanently enjoined Copeland from acting as a Bankruptcy Petition Preparer; and from providing Bankruptcy Assistance to Assisted Persons, whether under the name Roscoe Copeland or any other name, or through any other corporate form.

4.      Since the Injunction, at least the following cases listing him as a Bankruptcy Petition Preparer have been filed:

a.      Brian L. Armstrong, Case No. 13-46865 filed on April 4, 2013;

b.      Treasure A. Smith, Case No. 13-46876 filed on April 4, 2013;

c.      Rajah D. Smith-Jackson, Case No. 13-49069 filed on May 2, 2013;

d.      Twanna L. Hughes, Case No. 13-51229 filed on June 3, 2013;

e.      Derrick L Hollis and Nina C. Hollis, Case No. 13-53601 filed on July 15, 2013;

f.      Jelene Hunt, Case No. 13-55725 filed on August 19, 2013; and

g.      Sammy Green, Case No. 13-56311 filed on August 28, 2013.

5.      In each of the cases the Debtors identified Copeland as the bankruptcy petition preparer.

**Failure to Make Required Payments**

6.      The Judgments also required Roscoe Copeland to make the following Payments

a.       Judgment in Case No. 10-5347 payment of $2,000.00 to the Debtor within thirty (30) days of entry of the Order;

b. Judgment in Case No. 10-5348 payment of $2,000.00 to the Debtor within thirty (30) days of entry of the Order;

c. Judgment in Case No. 12-4522 payment of $2,000.00 to the Debtor within thirty (30) days of entry of the Order; and

d. Judgment in Case No. 12-4522 payment of $2,500.00 to the United States Trustee within thirty (30) days of entry of the Order;

7. The Judgments further required Roscoe Copeland to certify his payments by filing an affidavit accompanied by a copy of the cashier's check or money order for each payment, with a copy to the United States Trustee, within thirty (30) days of entry of the Order.

8. As of the date of this Motion, certifications of payment have not been filed with the Court, nor has the U.S. Trustee received notice of any kind that the payments were made.

9. Copeland was required to make payments due to his continued violations of 11 U.S.C. § 110 in the following cases:

| Case No. | Amount to Debtor | Amount to U.S. Trustee | Amount to Clerk of the Court | Amount to Access to Bankruptcy Court Fund |
|---|---|---|---|---|
| 13-46865 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-46876 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-49096 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-51229 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-53601 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-55725 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-56311 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |

All of the payments were due within thirty (30) days of entry of each Order.

10. Roscoe Copeland is in contempt of each of the Court's Judgments in Case Nos. 10-5347, 10-5348 and 12-4522 for violating the injunction and failing to make payment to the Debtor.

11.     Roscoe Copeland is in contempt of each of the Court's Orders in Case Nos. 13-46865, 13-46876, 13-49069, 13-51229, 13-53601, 13-55725, and 13-56311 for acting as a bankruptcy petition preparer and failing to make payments to the Debtor(s).

**Violations of the Default Judgment Against Defendant Alexis Realty**

12.      Roscoe Copeland operates Alexis Realty Solutions.

13.     The May 10, 2012 Judgment in Case No. 12-4522 required Alexis Realty Solutions, LLC to make a payment of $2,000.00 to the Debtor within thirty (30) days of entry of the Order;

14.     The Judgment further required Alexis Realty Solutions, LLC to certify his payment by filing an affidavit accompanied by a copy of the cashier's check or money order for the payment, with a copy to the United States Trustee, within thirty (30) days of entry of the Order.

15.     As of the date of this Motion, certification of payment has not been filed with the Court, nor has the U.S. Trustee received notice of any kind that the payments were made.

16.     Alexis Realty Solutions, LLC is in contempt of the Court's Judgment in Case No. 12-4522 for failing to make payment to the Debtor.

**Roscoe Copeland's Continued Violations of the Injunction**

17.     After the injunction was entered, Roscoe Copeland continued to function as a Bankruptcy Petition Preparer, continued the unauthorized practice of law and continued to violate §§ 526-528.

18.     Copeland has continued his actions in a variety of ways designed to evade detection.

19.     Copeland has willfully violated specific, clear, and unequivocal court Orders and should be found to be in further contempt.

20.     The Judgment permanently enjoins Copeland from acting as a Bankruptcy Petition Preparer.

21.     As demonstrated above Copeland continues his pattern of providing assistance, practicing law, and violating Court Orders.

**Civil Contempt**

22.     Congress granted the Bankruptcy Court civil contempt power to enforce its orders. *In re Braun*, 152 B.R. 466 (N.D.Ohio,1993). See also, *In re Bowling*, 116 B.R. 659 (Bankr. S.D.Ind.1990); *In re Miller*, 81 B.R. 669, 676 (Bankr. M.D.Fla.1988).

23.     Copeland's actions are an affront to the Court. He was enjoined specifically to prevent the actions he now undertakes with complete disregard for the Court's Orders or authority.

**WHEREFORE**, the United States Trustee respectfully requests that this Court enter its Order:

A.      Finding  Roscoe Copeland in contempt  of the Court's Judgments in  Case Nos. 10-5347, 10-5348 and 12-4522;

B.      Requiring Roscoe Copeland to appear in Court to report his activities and his progress toward complying with all requirements and sanctions;

C.      Requiring Roscoe Copeland to return to Court on a periodic basis for the purpose of reporting his activities and his progress toward complying with all requirements and sanctions;

D.	Referring Roscoe Copeland to the United Stated District Court for criminal

contempt, and;

E.	Considering other and further relief, including incarceration.

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9


By	/s/ Kelley Callard (P68537)
	Kelley.Callard@usdoj.gov
	Trial Attorney
	Office of the U.S. Trustee
	211 West Fort St - Suite 700
	Detroit, Michigan 48226
	(313) 226-6773

Dated:  December 24, 2013

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                            Case No. 09-76649-PJS

**JOSEPH THOMAS,**                                                Chapter 7

    Debtor.                                       HON. PHILLIP J. SHEFFERLY

_____/

**DANIEL M. McDERMOTT,**
**United States Trustee,**

    Plaintiff,

vs.                                                              Adversary Case No. 10-5347

**ROSCOE COPELAND,**

    Defendant.

_____/

### STIPULATION FOR ENTRY OF ORDER RESOLVING
### UNITED STATES TRUSTEE'S MOTION FOR CONTEMPT
### AND FOR OTHER RELIEF AND SETTING PAYMENT SCHEDULE

The United States Trustee, by his respective counsel and Roscoe Copeland, stipulate to

the entry of an Order resolving the United States Trustee's Motion for Contempt and for Other

Relief and setting payment schedule. A copy of the proposed Order is attached.

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9


By:   /s/ Kelley Callard (P68537)                                                                         
       kelley.callard@usdoj.gov               Roscoe Copeland
       U.S. Dept. of Justice                    Alexisrealtysolutions@yahoo.com
       Office of the U.S. Trustee             100 Riverfront Dr., Apt. 2308
       211 West Fort Street                 Detroit, MI 48226
       Suite 700                             (313) 753-5466
       Detroit, Michigan 48226
       (313) 226-6773

Dated: May 1, 2014

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 09-76649-PJS

**JOSEPH THOMAS,**                                        Chapter 7

      Debtor.                                    HON. PHILLIP J. SHEFFERLY

_____/

**DANIEL M. McDERMOTT,**
**United States Trustee,**

      Plaintiff,
                                                          Adversary Case No. 10-5347
vs.

**ROSCOE COPELAND,**

      Defendant.

_____/

### ORDER RESOLVING
### UNITED STATES TRUSTEE'S MOTION FOR CONTEMPT
### AND FOR OTHER RELIEF AND SETTING PAYMENT SCHEDULE

This matter came before the Court on the stipulation of the United States Trustee and
Bankruptcy Petition Preparer, Roscoe Copeland, by their respective counsel, for the entry of an
order resolving the United States Trustee's Motion for Contempt and for Other Relief and setting
payment schedule. The U.S. Trustee filed a Motion for Contempt, Docket #19, on December 24,
2013. The Court held a hearing on the Motion on February 10, 2014, and scheduled an
evidentiary hearing for May 14, 2014 on the sole issue of whether Mr. Copeland had knowledge
of the Injunctions issued against him. The Parties have reached a resolution of the matter.
Accordingly,

      **IT IS ORDERED** that:

1.    The Settlement Agreement entered into by Roscoe Copeland and the United States Trustee is adopted by this Court and the parties are bound by its terms unless the Federal District Court declines to enter the Proposed Federal District Court Order.

2.    The Proposed Findings of Fact and Conclusions of Law submitted by the United States Trustee on _____, 2014, Docket #QC are adopted by this Court as its Finding of Fact and Conclusions of Law.

3.    Roscoe Copeland shall pay $300.00 on the first business day of each month beginning on June 1, 2014, by delivering certified funds to the United States Trustee, made out to the following Debtors:

|     | Case Name | Case No. | Amount Owed |
|-----|-----------|----------|-------------|
| 1.  | Joseph Thomas | 09-76649 | $ 2,000.00 |
| 2.  | Renitta Thomas | 09-76652 | $ 2,000.00 |
| 3.  | Ieschia Hill | 12-04522 | $ 2,000.00 |
| 4.  | Brian L. Armstrong | 13-46865 | $ 2,000.00 |
| 5.  | Treasure Smith | 13-46876 | $ 2,000.00 |
| 6.  | Rajah D. Smith-Jackson | 13-49069 | $ 2,000.00 |
| 7.  | Tywanna L. Hughes | 13-51229 | $ 2,000.00 |
| 8.  | Derrick L. Hollis & Nina C. Hollis | 13-53601 | $ 2,000.00 |
| 9.  | Jelene M. Hunt | 13-55725 | $ 2,000.00 |
| 10. | Sammy L. Green | 13-56311 | $ 2,000.00 |
| 11. | Access to Bankruptcy Court Fund |  | $ 2,000.00 |
|     |  | **TOTAL** | **$ 22,000.00** |

4.    The payments will be made payable to each Debtor, beginning with No. 1, on a rotating and continuing basis until each of the Debtors has been paid in full. The obligation to pay will begin on June 1, 2014 and continue even if the Orders contemplated below are not entered by that date.

5. Upon completion of all payments to the Debtors, Copeland will pay $300.00 per month to the Access to Bankruptcy Court Fund until paid in full.

6. Roscoe Copeland shall electronically submit a monthly statement to the United States Trustee reporting:

   a. Whether he has earned any money,

   b. How he has earned that money, and

   c. How much he has earned.

7. The Statement shall be sent by email to Kelley.Callard@usdoj.gov and Karen.Riggs@usdoj.gov unless Copeland is notified of a different email address.

8. Roscoe Copeland shall appear at the Office of the United States Trustee on a mutually agreed upon date for a deposition in six to nine months.

9. This Court will request that the Federal District Court withdraw the reference for the purpose of entering the Proposed Federal District Court Order, attached as Exhibit B to the Settlement Agreement.

10. The Federal District Court may assign the litigation of disputes regarding compliance with its Order to the Bankruptcy Court for binding Findings of Fact and Conclusions of Law. This Court is prepared to conduct the litigation if necessary and to make binding Findings of Fact and Conclusions of Law.

11. The Provisions in this Order are dependent upon each other than the Entry of the Proposed Federal District Court Order. If the Federal District Court declines to enter the proposed Order, neither party will be bound to any of the terms of this agreement and the matter will resume where it stands in the Bankruptcy Court. Any monthly payments made as part of

this Order or the Settlement Agreement will be credited toward Copeland's obligations under prior Bankruptcy Court Orders.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 09-76649-PJS

**JOSEPH THOMAS,**                                        Chapter 7

            Debtor.                                       HON. PHILLIP J. SHEFFERLY

_____/

**DANIEL M. McDERMOTT,**
**United States Trustee,**

            Plaintiff,

                                                          Adversary Case No. 10-5347
vs.

**ROSCOE COPELAND,**

            Defendant.

_____/

| ~~Roscoe Copeland's~~ RC

**UNITED STATES TRUSTEE'S PROPOSED FINDINGS OF FACT**
**AND CONCLUSIONS OF LAW IN SUPPORT** ~~OF HIS REQUEST THAT~~
~~ROSCOE COPELAND BE INCARCERATED FOR HIS CONTEMPT~~

their Request to settle the United States Trustee's Motion for Contempt

Daniel M. McDermott, United States Trustee, submits,

**Proposed Findings of Fact**

1.      Roscoe Copeland has three Default Judgments against him. *Default Judgment*

*Against Defendant* in Case No. 10-5347, Docket #7, entered on July 13, 2010; *Default Judgment*

*Against Defendant* in Case No. 10-5348, Docket #7, entered on July 13, 2010 and *Default*

*Judgment Against Roscoe Copeland and Alexis Realty Solutions, LLC*, Docket # 13, entered on

May 10, 2012.

2.      All three Judgments have the following language:

**NOW, THEREFORE,**

**IT IS ORDERED** that Roscoe Copeland is hereby permanently enjoined from acting as a Bankruptcy Petition Preparer; and from providing Bankruptcy Assistance to Assisted Persons whether under his name individually, or any other name or through any other corporate form.

**IT IS FURTHER ORDERED** that Roscoe Copeland shall pay $2,000.00 to the Debtor in the above-referenced case, within 30 days of entry of this Order.

**IT IS FURTHER ORDERED** that Roscoe Copeland shall certify payment in satisfaction of this Order, to the Court with a copy to the United States Trustee, within 30 days of entry of this Order.

**IT IS FURTHER ORDERED** that dismissal or closure of this adversary proceeding or the underlying bankruptcy case will not excuse compliance with the terms of this Order and it can be enforced by the Debtor or the United States Trustee in any court of competent jurisdiction.

3.      Copeland continued to act as a Bankruptcy Petition Preparer in violation of the Injunctions.

4.      Copeland was required to make payments because he continued to violate 11 U.S.C. § 110 in the following cases:

| Case No. | Amount to Debtor | Amount to U.S. Trustee | Amount to Clerk of the Court | Amount to Access to Bankruptcy Court Fund |
|---|---|---|---|---|
| 13-46865 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-46876 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-49096 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-51229 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-53601 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-55725 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-56311 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |

All of the payments were due within thirty (30) days of entry of each Order.

5.      Copeland admits that he acted as a Bankruptcy Petition Preparer after the Injunctions were entered.

6.      Copeland admits that after the injunction was entered he continued to function as a Bankruptcy Petition Preparer, continued the unauthorized practice of law and continued to violate §§ 526-528.

7.     Copeland admits that he continued acting as a Bankruptcy Petition Preparer in a variety of ways designed to evade detection.

8.     Copeland admits that he acted as a Bankruptcy Petition Preparer through December 2013.

9.     Copeland admits that he has not fulfilled any of the payment obligations required by the Injunctions and Orders.

### Conclusions of Law

10.     Copeland's actions constitute willful disobedience of a lawful order.

11.     18 U.S.C. § 401(3) states, "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as–. . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

12.     It is unclear whether bankruptcy courts are authorized to enforce 18 U.S.C. § 401(3). United States Federal District Courts are authorized to enforce 18 U.S.C. § 401(3).

Respectfully submitted,

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9

By     /s/ Kelley Callard (P68537)
Kelley.Callard@usdoj.gov
Trial Attorney
Office of the U.S. Trustee
211 West Fort St - Suite 700
Detroit, Michigan 48226
(313) 226-6773

By /s/ Roscoe Copeland -
Roscoe Copeland
Alexis realty Solutions @ yahoo

Dated: May 1, 2014

100 Riverfront Dr, Apt 2368
Detroit, MI 48226
313-753-5466

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                          Case No. 09-76649-PJS

**JOSEPH THOMAS,**                              Chapter 7

     Debtor.                              HON. PHILLIP J. SHEFFERLY

_____/

**DANIEL M. McDERMOTT,**
**United States Trustee,**

     Plaintiff,

                                 Adversary Case No. 10-5347

vs.

**ROSCOE COPELAND,**

     Defendant.

_____/

## SETTLEMENT AGREEMENT

### Parties

The Parties to this agreement are Roscoe Copeland and Daniel M. McDermott, United States Trustee.

### Background

1.    Roscoe Copeland has three Default Judgments against him. *Default Judgment Against Defendant* in Case No. 10-5347, Docket #7, entered on July 13, 2010; *Default Judgment Against Defendant* in Case No. 10-5348, Docket #7, entered on July 13, 2010 and *Default Judgment Against Roscoe Copeland and Alexis Realty Solutions, LLC*, Docket # 13, entered on May 10, 2012.

2.     Copeland continued to act as a Bankruptcy Petition Preparer in violation of the Court's Orders.

3.     Copeland was required to make payments because he continued to violate 11 U.S.C. § 110 in the following cases:

| Case No. | Amount to Debtor | Amount to U.S. Trustee | Amount to Clerk of the Court | Amount to Access to Bankruptcy Court Fund |
|----------|------------------|------------------------|------------------------------|-------------------------------------------|
| 13-46865 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-46876 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-49096 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-51229 | $ 2,000.00 | $ 4,500.00 | $ 10,000.00 | $ 0.00 |
| 13-53601 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-55725 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |
| 13-56311 | $ 2,000.00 | $ 4,500.00 | $ 0.00 | $ 10,000.00 |

All of the payments were due within thirty (30) days of entry of each Order.

4.     The United States Trustee filed a Motion for Contempt against Copeland on December 24, 2013, Docket No. 19, for violations of the injunctions.

5.     Copeland filed a response and a hearing was held on February 10, 2014. An evidentiary hearing was scheduled for May 14, 2014 to determine if Copeland knew he was enjoined from acting as a Bankruptcy Petition Preparer.

6.     The parties have reached a settlement prior to the scheduled evidentiary hearing.

7.     As part of the Settlement, the parties have agreed to:

a.     Stipulated Findings of Fact and Conclusions of Law,

b.     Ask the Bankruptcy Court to request that the District Court withdraw the reference of this case to the Bankruptcy Court so that an Order encompassing the Settlement Agreement can be entered by the Federal District Court with broad powers to enforce it, and

c.     A mechanism for subsequent proceedings, if necessary, to be adjudicated in the Bankruptcy Court and have a binding effect in and the powers of the District Court.

2

8.    The Settlement Agreement contains numerous dependent provisions, all in anticipation that the Agreement will ultimately be approved by the District Court.  If the District Court does not approve the Agreement, neither party is bound to any of the provisions in it unless a subsequent modified agreement is reached.

## TERMS

### Injunctions to become Orders of the Federal District Court

The Parties agree,

9.    A.    That the *Default Judgment Against Defendant* in Case No. 10-5347, Docket #7, entered on July 13, 2010; *Default Judgment Against Defendant* in Case No. 10-5348, Docket #7, entered on July 13, 2010 and *Default Judgment Against Roscoe Copeland and Alexis Realty Solutions, LLC*, Docket # 13, entered on May 10, 2012 will become Orders of the Federal District Court and any violations of those Orders will be violations of Orders of the Federal District Court,

10.    That this resolution addresses any failure of Roscoe Copeland to make the payments due under the Orders for all times prior to June 1, 2014, and,

11.    That this resolution addresses any failure of Roscoe Copeland to honor the injunctions in the Orders for all times prior to January 1, 2014, the date Copeland swore, under oath, that he stopped acting as a Bankruptcy Petition Preparer.

### Stipulated Findings of Fact and Conclusions of Law

12.    The Parties Stipulate the Proposed Findings of Fact and Conclusions of Law submitted by the United States Trustee on May 1, 2014, Docket #℞℃ are now the Bankruptcy Court's Findings of Fact and Conclusions of Law in this matter.

3

**Payments**

13. Roscoe Copeland shall pay $300.00 on the first business day of each month beginning on June 1, 2014, by delivering certified funds to the United States Trustee, made out to the following Debtors:

| | Case Name | Case No. | Amount Owed |
|---|---|---|---|
| 1. | Joseph Thomas | 09-76649 | $ 2,000.00 |
| 2. | Renitta Thomas | 09-76652 | $ 2,000.00 |
| 3. | Ieschia Hill | 12-04522 | $ 2,000.00 |
| 4. | Brian L. Armstrong | 13-46865 | $ 2,000.00 |
| 5. | Treasure Smith | 13-46876 | $ 2,000.00 |
| 6. | Rajah D. Smith-Jackson | 13-49069 | $ 2,000.00 |
| 7. | Tywanna L. Hughes | 13-51229 | $ 2,000.00 |
| 8. | Derrick L. Hollis & Nina C. Hollis | 13-53601 | $ 2,000.00 |
| 9. | Jelene M. Hunt | 13-55725 | $ 2,000.00 |
| 10. | Sammy L. Green | 13-56311 | $ 2,000.00 |
| 11. | Access to Bankruptcy Court Fund | | $ 2,000.00 |
| | | **TOTAL** | **$ 22,000.00** |

14. The payments will be made payable to each Debtor, beginning with No. 1, on a rotating and continuing basis until each of the Debtors has been paid in full. The obligation to pay will begin on June 1, 2014 and continue even if the Orders contemplated below are not entered by that date. Upon completion of all payments to the Debtors, Copeland will pay $300.00 per month to the Access to Bankruptcy Court Fund until paid in full. If he makes all payments under this Order, he will be relieved of his obligations under the Orders to make payments to the United States Trustee.

4

**Reporting**

15. Roscoe Copeland shall electronically submit a monthly statement to the United States Trustee reporting:

        a.      - Whether he has earned any money,

        b.      - How he has earned that money, and

        c.      How much he has earned.

16. The Statement shall be sent by email to Kelley.Callard@usdoj.gov and Karen.Riggs@usdoj.gov unless Copeland is notified of a different email address.

**Monitoring**

17. Roscoe Copeland shall appear at the Office of the United States Trustee on a mutually agreed upon date for a deposition in six to nine months.

**Entry of Orders**

18. The parties intend to submit two orders to be entered by the courts.

**Bankruptcy Court Order**

19. A Proposed Bankruptcy Court Order, attached as *Exhibit A* to this Agreement, will be submitted with a stipulation to the Bankruptcy Court. It adopts this Agreement and its terms. It also anticipates that this court will ask the Federal District Court to withdraw the reference of this case to the Bankruptcy Court. The reason for that request is to allow entry of the other Order, *Exhibit B*, by the Federal District Court. The purpose of that request is so the Order and the terms it includes can be enforced by the Federal District Court with broader powers to enforce its orders than a Bankruptcy Court may have.

5

**Federal District Court Order**

20.     A Proposed Federal District Court Order, attached as *Exhibit B* to this Agreement, will be submitted with a stipulation to the Federal District Court if the reference of this case is withdrawn. It adopts this Agreement and its terms. The purpose of the Federal Court Order is so the Order and the terms it includes can be enforced by the Federal District Court which has broader powers to enforce its orders than a Bankruptcy Court may have.

**Remedies for Violations of Court Orders**

21.     The Parties agree the Federal District Court will have all of its powers to enforce its Order once entered. The Parties recognize that this includes, among others, the power to impose penalties for Criminal Contempt. The Parties further recognize that incarceration is among those powers, and that the Federal District Court may take into consideration the success or failure of other remedies previously tried by the Bankruptcy Court in making its decision.

**Litigation of Disputes**

22.     The parties agree that the Federal District Court may assign the litigation of disputes regarding compliance with its Order to the Bankruptcy Court for binding Findings of Fact and Conclusions of Law. The parties also agree that the Federal District Court will then be able to rely on those Findings and Conclusions as if made by the Federal District Court when imposing any remedy within its powers.

**Representation and Service Address for Subsequent Activity**

23.    Roscoe Copeland is currently not represented.  Service on Roscoe Copeland will be accomplished by first class mail to:

> Roscoe Copeland
> 100 Riverfront Dr. Apt. 2308
> Detroit, Michigan 48226

24.    This address will remain the service address for Roscoe Copeland unless and until a document is filed with the Court providing an updated service address. Nothing in this Agreement prevents Copeland from hiring counsel.

**Non Severability**

25.    The Parties agree that the terms of this Agreement are intended to form a single resolution. The Parties also recognize that the Federal District Court is not obligated to enter the proposed Order.  The Parties agree that if the Proposed Order is not ultimately entered by the Federal District Court, neither party will be bound to any of the terms of this agreement and the matter will resume where it stands in the Bankruptcy Court.  Any monthly payments made as part of this Agreement will be credited toward Taylor's obligations under prior Bankruptcy Court Orders.

**DANIEL M. McDERMOTT**
**UNITED STATES TRUSTEE**
Region 9


By:    /s/ Kelley Callard (P68537)          *Roscoe Copeland*
       kelley.callard@usdoj.gov             Roscoe Copeland
       U.S. Dept. of Justice                Alexisrealtysolutions@yahoo.com
       Office of the U.S. Trustee           100 Riverfront Dr., Apt. 2308
       211 West Fort Street                 Detroit, MI 48226
       Suite 700                            (313) 753-5466
       Detroit, Michigan 48226
       (313) 226-6773

Dated:  May 1, 2014

# EXHIBIT 4

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 09-76649-PJS

**JOSEPH THOMAS,**                                  Chapter 7

    Debtor.                                     HON. PHILLIP J. SHEFFERLY

_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

    Plaintiff,
                                                    Adversary Case No. 10-5347

vs.

**ROSCOE COPELAND,**

    Defendant.

_____/

**ORDER RESOLVING**
**UNITED STATES TRUSTEE'S MOTION FOR CONTEMPT**
**AND FOR OTHER RELIEF AND SETTING PAYMENT SCHEDULE**

This matter came before the Court on the stipulation of the United States Trustee and
Bankruptcy Petition Preparer, Roscoe Copeland, by their respective counsel, for the entry of an
order resolving the United States Trustee's Motion for Contempt and for Other Relief and setting
payment schedule. The U.S. Trustee filed a Motion for Contempt, Docket #19, on December 24,
2013. The Court held a hearing on the Motion on February 10, 2014, and scheduled an
evidentiary hearing for May 14, 2014 on the sole issue of whether Mr. Copeland had knowledge
of the Injunctions issued against him. The Parties have reached a resolution of the matter.
Accordingly,

    **IT IS ORDERED** that:

    1.    The Settlement Agreement entered into by Roscoe Copeland and the United
States Trustee is adopted by this Court and the parties are bound by its terms unless the Federal
District Court declines to enter the Proposed Federal District Court Order.

2.      The Proposed Findings of Fact and Conclusions of Law submitted by the United States Trustee on May 1, 2014, Docket #40, are adopted by this Court as its Finding of Fact and Conclusions of Law.

3.      Roscoe Copeland shall pay $300.00 on the first business day of each month beginning on June 1, 2014, by delivering certified funds to the United States Trustee, made out to the following Debtors:

|    | **Case Name** | **Case No.** | **Amount Owed** |
|----|---------------|--------------|-----------------|
| 1. | Joseph Thomas | 09-76649 | $ 2,000.00 |
| 2. | Renitta Thomas | 09-76652 | $ 2,000.00 |
| 3. | Ieschia Hill | 12-04522 | $ 2,000.00 |
| 4. | Brian L. Armstrong | 13-46865 | $ 2,000.00 |
| 5. | Treasure Smith | 13-46876 | $ 2,000.00 |
| 6. | Rajah D. Smith-Jackson | 13-49069 | $ 2,000.00 |
| 7. | Tywanna L. Hughes | 13-51229 | $ 2,000.00 |
| 8. | Derrick L. Hollis & Nina C. Hollis | 13-53601 | $ 2,000.00 |
| 9. | Jelene M. Hunt | 13-55725 | $ 2,000.00 |
| 10. | Sammy L. Green | 13-56311 | $ 2,000.00 |
| 11. | Access to Bankruptcy Court Fund | | $ 2,000.00 |
| | | **TOTAL** | **$ 22,000.00** |

4.      The payments will be made payable to each Debtor, beginning with No. 1, on a rotating and continuing basis until each of the Debtors has been paid in full. The obligation to pay will begin on June 1, 2014 and continue even if the Orders contemplated below are not entered by that date.

5.      Upon completion of all payments to the Debtors, Copeland will pay $300.00 per month to the Access to Bankruptcy Court Fund until paid in full.

6.      Roscoe Copeland shall electronically submit a monthly statement to the United States Trustee reporting:

a. Whether he has earned any money,

b. How he has earned that money, and

c. How much he has earned.

7. The Statement shall be sent by email to Kelley.Callard@usdoj.gov and Karen.Riggs@usdoj.gov unless Copeland is notified of a different email address.

8. Roscoe Copeland shall appear at the Office of the United States Trustee on a mutually agreed upon date for a deposition in six to nine months.

9. This Court will request that the Federal District Court withdraw the reference for the purpose of entering the Proposed Federal District Court Order, attached as Exhibit B to the Settlement Agreement.

10. The Federal District Court may assign the litigation of disputes regarding compliance with its Order to the Bankruptcy Court for binding Findings of Fact and Conclusions of Law. This Court is prepared to conduct the litigation if necessary and to make binding Findings of Fact and Conclusions of Law.

11. The Provisions in this Order are dependent upon each other than the Entry of the Proposed Federal District Court Order. If the Federal District Court declines to enter the proposed Order, neither party will be bound to any of the terms of this agreement and the matter will resume where it stands in the Bankruptcy Court. Any monthly payments made as part of this Order or the Settlement Agreement will be credited toward Copeland's obligations under prior Bankruptcy Court Orders.

Signed on May 12, 2014

```
      /s/ Phillip J. Shefferly
   Phillip J. Shefferly
   United States Bankruptcy Judge
```

# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

In re:                                                          Case No.

**JOSEPH THOMAS,**                                              Hon.

     Debtor.                           Magistrate Judge

_____/

**DANIEL M. McDERMOTT**,
**United States Trustee,**

     Plaintiff,

vs.

**ROSCOE COPELAND,**

     Defendant.

_____/

**ORDER RESOLVING
UNITED STATES TRUSTEE'S MOTION FOR CONTEMPT
AND FOR OTHER RELIEF AND SETTING PAYMENT SCHEDULE**

     This matter came before the Court after it withdrew the reference of this matter to the Bankruptcy Court. This Court withdrew the reference on the recommendation of the Bankruptcy Court. That recommendation was made specifically so this Order could be entered in this Court rather than the Bankruptcy Court; and could be enforced by this Court because of its broader powers.

     This Order is entered on the stipulation of the United States Trustee, by his counsel, and Roscoe Copeland, a Bankruptcy Petition Preparer.

     **IT IS ORDERED** that:

1.     The Settlement Agreement entered into by Roscoe Copeland and the United States Trustee, filed in Bankruptcy Case No. _____, Docket # ____, is adopted by this Court and the parties are bound by its terms per their agreement.

2.     The permanent injunctions entered by the Bankruptcy Court in various cases are adopted by this Court and are now Orders and Injunctions of this Court; and enforceable by this Court and its broader powers.  They are,

    a.     The Injunctions:

        i.     Default Judgment Against Roscoe Copeland in Case No. 10-5347, Docket #7, entered on July 13, 2010;

        ii.     Default Judgment Against Roscoe Copeland Case No. 10-5348, Docket #7, entered on July 13, 2010 and

        iii.     Default Judgment Against Roscoe Copeland and Alexis Realty Solutions, LLC, Docket # 13, entered on May 10, 2012.

    b.     The Orders:

        i.     Brian L. Armstrong, Case No. 13-46865 entered on September 10, 2013;

        ii.     Treasure A. Smith, Case No. 13-46876 entered on September 4, 2013;

        iii.     Rajah D. Smith-Jackson, Case No. 13-49069 entered on September 3, 2013;

        iv.     Twanna L. Hughes, Case No. 13-51229 filed entered on September 4, 2013;

        v.     Derrick L Hollis and Nina C. Hollis, Case No. 13-53601 entered on November 14, 2013;

        vi.    Jelene Hunt, Case No. 13-55725 entered on November 21, 2013; and

        vii.   Sammy Green, Case No. 13-56311 filed on November 21, 2013.

3.     The Proposed Findings of Fact and Conclusions of Law submitted by the United States Trustee on _____, 2014, Docket #___ in Bankruptcy Case No. _____, are adopted by this Court as its Finding of Fact and Conclusions of Law.

4.     Roscoe Copeland shall pay $300.00 on the first business day of each month beginning on June 1, 2014, by delivering certified funds to the United States Trustee, made out to the following Debtors:

| | **Case Name** | **Case No.** | **Amount Owed** |
|---|---|---|---|
| 1. | Joseph Thomas | 09-76649 | $ 2,000.00 |
| 2. | Renitta Thomas | 09-76652 | $ 2,000.00 |
| 3. | Ieschia Hill | 12-04522 | $ 2,000.00 |
| 4. | Brian L. Armstrong | 13-46865 | $ 2,000.00 |
| 5. | Treasure Smith | 13-46876 | $ 2,000.00 |
| 6. | Rajah D. Smith-Jackson | 13-49069 | $ 2,000.00 |
| 7. | Tywanna L. Hughes | 13-51229 | $ 2,000.00 |
| 8. | Derrick L. Hollis & Nina C. Hollis | 13-53601 | $ 2,000.00 |
| 9. | Jelene M. Hunt | 13-55725 | $ 2,000.00 |
| 10. | Sammy L. Green | 13-56311 | $ 2,000.00 |
| 11. | Access to Bankruptcy Court Fund | | $ 2,000.00 |
| | | **TOTAL** | **$22,000.00** |

5.     The payments will be made payable to each Debtor, beginning with No. 1, on a rotating and continuing basis until each of the Debtors has been paid in full. The obligation to pay will begin or began on June 1, 2014 and continues each month thereafter.

6. Upon completion of all payments to the Debtors, Copeland will pay $300.00 per month to the Access to Bankruptcy Court Fund until paid in full.

7. Roscoe Copeland shall electronically submit a monthly statement to the United States Trustee reporting:

    a. Whether he has earned any money,

    b. How he has earned that money, and

    c. How much he has earned.

8. The Statement shall be sent by email to Kelley.Callard@usdoj.gov and Karen.Riggs@usdoj.gov unless Copeland is notified of a different email address.

9. Roscoe Copeland shall appear at the Office of the United States Trustee on a mutually agreed upon date for a deposition in six to nine months.

10. This Court may, without consulting the parties because they have already agreed, assign the litigation of any disputes regarding compliance with this Order to the Bankruptcy Court for Findings of Fact and Conclusions of Law. Also by agreement of the parties, those Findings and Conclusions will be binding on them and this Court may rely on them as if made in this Court when deciding what, if any, remedies to impose. This Court will have all remedies available to it that are available to Federal Courts established under Article III of the United States Constitution and will not be limited in any way because this matter originated in the Bankruptcy Court.

11. Roscoe Copeland is currently not represented. Service on Roscoe Copeland will be accomplished by first class mail to: Roscoe Copeland, 100 Riverfront Dr. Apt. 2308, Detroit, Michigan 48226. This address will remain the service address for Roscoe Copeland unless and

until a document is filed with the Court providing an updated service address. Nothing in this Agreement prevents Copeland from hiring counsel.

5